```
USDC SONY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONYA BEST,

                          Plaintiff,

    -against-

KONICA MINOLTA SUPPLIES
MANUFACTURING U.S.A., INC., ET AL

                         Defendants.

23-cv-06265-NSR

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Tonya Best ("Best" or "Plaintiff") initiated this action on July 21, 2023, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*., and its Amendments ("Title VII") and the New York State Executive Law 15 § 290 *et seq*. ("NYSHRL") against Defendants Konica Minolta Supplies ("Minolta"), Allegis Group d/b/a Aerotek, Inc., ("Aerotek"), Miyako Asai ("Asai") in his capacity as President & Chairman of Konica Minolta Supplies and in his individual capacity, Ryan Thompson in his capacity as Industrial Account Manager at Aerotek and in his individual capacity ("Thompson"), Ronald Donatien (incorrectly named "Ronald Dickson" in the Complaint) ("Donatien") as supervisor at Konica Minolta and in his individual capacity, and John Does 1 through 10, in their corporate capacities at Konica Minolta and/or Aerotek Inc. and in their individual capacities.

    Presently before the Court is Minolta and Donatien's (together, "Defendants") Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is GRANTED.

1

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff is a 47-year-old African American female. (Compl. ¶ 1.) In or about 2012, Plaintiff applied for work with and was hired by Aerotek. (*Id*. ¶ 30.) Before Aerotek assigned Plaintiff to work with Minolta, Aerotek assigned Plaintiff to work at two different companies. (*Id*. ¶ 31.) Plaintiff performed her job "more than satisfactorily" and in a "highly professional manner." (*Id*. ¶¶ 32, 33.) Thompson assigned Plaintiff to work at Minolta in or about the middle of January. (*Id*. ¶¶ 34, 35.) Plaintiff began working at Minolta on or about January 18, 2022 as a machine operator/packager. (*Id*. ¶ 35.) Beginning on or about January 21 and/or January 22, 2022, Donatien began on an almost daily basis to request that Plaintiff bend over so he could see Plaintiff's buttocks. (*Id*. ¶ 36.) Plaintiff then complained to Thompson about Donatien's behavior. (*Id*. ¶ 37.) Donatien suggested to Plaintiff that he would promote her to a better position if she "succumbed to his sexual overtures." (*Id*. ¶ 38.) Donatien and/or Asai also began taping Plaintiff when she would bend over without her consent. (*Id*. ¶ 39.) Plaintiff again complained to Thompson about Donatien's behavior on or about February 7th, 8th, and 14th. (*Id*. ¶ 40.) Minolta and Aerotek terminated Plaintiff after she complained about being subject to a sexually hostile work environment. (*Id*. ¶ 41.) Plaintiff followed up with Aerotek via text messages to Thompson about whether the sexual harassment she experienced at Minolta was addressed and whether there were any work opportunities available for her. (*Id*. ¶ 42.) Aerotek responded, stating there were no work opportunities available in "the area." (*Id*. ¶ 43.) Plaintiff alleges that because of Defendants' discriminatory conduct, Plaintiff suffered economic loss, in addition to physical and emotional distress, therefore bringing claims arising under Title VII and NYSHRL. (*Id*. ¶ 46.)

## PROCEDURAL HISTORY

On July 21, 2023, Plaintiff commenced this action against Defendants in her complaint ("the Complaint") (ECF No. 3). On March 15, 2024, Defendants filed a motion to dismiss and their memorandum of law in support (the "Motion" or "Mot.", ECF Nos. 45 and 45). Plaintiff filed an opposition to the Motion (the "Opposition" or "Opp.", ECF No. 47). The Defendants also filed a reply in further support of the Motion (the "Reply", ECF No. 46).

## LEGAL STANDARD

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from

conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings claims pursuant to Title VII against Minolta and pursuant to NYSHRL against the Defendants. Plaintiff's Title VII claim against Minolta must be dismissed and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims as to Minolta and Donatien.

### A. Minolta is Not an Employer for the Purposes of Title VII

Title VII prohibits *employers* from engaging in discriminatory or retaliatory practices. The "existence of an employer-employee relationship is a primary element of Title VII claims." *Gulino v. New York State Educ. Dept.,* 460 F. 3d 361, 370 (2d Cir. 2006). To "hold an employer liable for unlawful employment practices under Title VII, an employer-employee relationship must have existed between the parties at the time of the alleged unlawful conduct." *Felder v. United States Tennis Ass'n Inc.*, No. 17 CIV. 5045 (ER), 2018 WL 5621484, at *4 (S.D.N.Y. Oct. 30, 2018).

Plaintiff does not establish an employer-employee relationship between Plaintiff and Minolta for the purposes of Title VII. Plaintiff does not assert with specificity that Minolta controlled the scope of her employment, the terms of her employment, or the conditions of her employment. The Complaint itself even concedes Aerotek, not Minolta, was responsible for her compensation. (*Id.* ¶ 19). By admitting that Aerotek was responsible for here renumeration, Plaintiff precludes the existence of an employer-employee relationship with Minolta; "[w]here no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist." *O'Connor v. Davis*, 126 F.3d 112. 115-116 (2d Cir. 1997); *see also*

*Tadros v. Coleman*, 898 F.2d 10 (2d Cir. 1990) (affirming dismissal of Title VII claim for lack of employer-employee relationship where the defendant neither paid nor controlled the plaintiff's work).

The joint-employer doctrine argument similarly does not save Plaintiff's Title VII claims against Minolta from dismissal. The joint employer doctrine applies "when separate legal entities have chosen to handle certain aspects of their employer-employee relationships jointly." *Lima v. Addeco,* 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009) (quotations and citations omitted). Factors used to determine if two entities are joint employers are "commonality of hiring, firing, discipline, pay, insurance, records, and supervision." *NLRB v. Solid Waste Servs., Inc.*, 38 F.3d 93, 93 (2d. Cir. 1994) (citing *Clinton's Ditch Cooperative Co. v. NLRB*, 778 F.2d 132 (2d Cir. 1985)).

The Complaint lacks factual allegations suggesting the Defendants had such a dynamic. Rather, the Complaint contains conclusory allegations that are recitations of the elements of the joint-employer doctrine. Plaintiff offers the following: "[a]t all relevant times, Minolta had the authority of controlling the means of how Plaintiff's product was performed (Compl. ¶ 11); "[a]t all relevant times, Defendants Konica Minolta and Aerotek constituted a 'joint employer' with respect to setting the terms and conditions of Plaintiff's employment at Konica Minolta" (Compl. ¶ 10); "upon information and belief, both Aerotek with Konica Minolta shared the authority to hire, discipline and terminate [Plaintiff] for her work." (Compl. ¶15); "at all relevant times, both Aerotek with Konica Minolta shared the authority and right to assign additional projects to Plaintiff" (Compl. ¶ 17); "[a]t all relevant times, Konica Minolta shared discretion with Aerotek as to how long Plaintiff would work at Konica Minolta's Goshen, New York facility" (Compl. ¶ 18.) Plaintiff "cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory*." Citizens United v. Schneiderman*, 882 F.3d 374, 385 (2d Cir. 2018).

5

These purportedly factual averments are only conclusory statements. Additionally, stating that Minolta and Aerotek were joint-employers is a legal conclusion "couched as a factual allegation" that does not make it so. *Iqbal*, 556 U.S. 662, 678. Rather, the factual assertions offered by the Complaint only counsels against finding Minolta and Aerotek to be joint-employers, namely Aerotek being the entity that paid Plaintiff and that "had the authority as to the tax treatment for the work [Plaintiff] performed for Konica Minolta. (Compl. ¶¶ 19, 20), and that regarding issues of performance, Plaintiff only stated that "Aerotek never disciplined nor terminated [Plaintiff]." (*Id.* ¶ 32).

Plaintiff's Opposition's discusses *DeWitt v. Lieberman*, 48 F. Supp. 2d 280 (S.D.N.Y. 1999) and *Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 611 F. Supp. 344 (S.D.N.Y. 1984), but these cases are distinct from the facts presently before the Court. *Dewitt* cites to *Amarnare* as its basis for applying the joint-employer doctrine. *Dewitt*, 48 F. Supp. 2d 280, 288. In *Amarnare*, the temporary staffing agency's client "exercised complete control over [the employee's] work assignments, the means and manner of her performance and the hours of her employment." *Id.* at 348. The court went on, noting that "[t]here is no suggestion but that [the employee] was subject to the direct supervision of Merrill Lynch in all respects and at all times during the . . . period in which she worked from the company. It is also clear from the defendant's affidavits that Merrill Lynch had the right to discharge [the employee] and to request a replacement … if it found Amarnare's services unsatisfactory." *Id*.

Such total and direct control, in addition to authority over employment status and outcome, contrasts with the Complaint's language. As discussed *supra*, the Plaintiff only offers conclusory statements not owed the presumption of truth. Indeed, the Complaint pleads "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" which cannot

6

survive a motion to dismiss. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Accordingly, the Complaint as currently written does not sufficiently allege an employer-employee relationship of any kind between the Plaintiff and Minolta, and thus Plaintiff's Title VII claims against Minolta are dismissed without prejudice.

To be sure, no Title VII claim could be raised against Donatien, as individuals are not subject to liability under Title VII. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). As currently pled, the Complaint, at best, alleges that Donatien was either a co-worker or supervisor, but he cannot be construed as an employer of any kind for the purposes of Title VII. *See also Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 434 (S.D.N.Y. 2019).

**B. New York State Human Rights Law Claims**

Because Plaintiff's Title VII claims against Minolta must be dismissed and because no Title VII claim can be raised against Donatien, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims as to Minolta and Donatien. *See* 28. U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction"); *see also Shahid-Ikhlas v. New York And Presbyterian Hosp., Inc.,* No. 122CV10643GHWSDA, 2023 WL 3628151, *7 (S.D.N.Y. May 5, 2023) (declining to exercise supplemental jurisdiction over NYSHRL claims where Plaintiff's Title VII claim was dismissed); *Parks v. Montefiore Med. Ctr.*, No. 23-CV-4945 (JPO), 2024 WL 917330 (S.D.N.Y. Mar. 4, 2024) (same); *Kauffman v. New York Presbyterian Hosp.*, No. 23-CV-4964 (AT) (RWL), 2024 WL 2279318 (S.D.N.Y. May 16, 2024) (same). Thus, Plaintiff's Second Cause of Action, Fourth Cause of Action and Sixth Cause of Action as to Minolta and Donatien are dismissed without prejudice to recommence in state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Konica Minolta Supplies Manufacturing U.S.A., Inc. and Ronald Donatien motion to dismiss. Specifically, the Court dismisses Plaintiff's Title VII claims under the Third Cause of Action and Fifth Cause of Action as to Konica Minolta Supplies Manufacturing U.S.A., Inc. Additionally, the Court dismisses Plaintiff's NYSHRL claims arising under Plaintiff's Second Cause of Action, Fourth Cause of Action and Sixth Cause of Action as to Konica Minolta Supplies Manufacturing U.S.A., Inc. and Ronald Donatien. Plaintiff is granted leave to file an Amended Complaint by November 11, 2024. Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that she wishes to pursue must be included in, or attached to, the Amended Complaint. Should Plaintiff file an Amended Complaint, the Defendants are directed to answer or otherwise respond by December 2, 2024. If Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice. If no Amended Complaint is timely filed, the remaining Defendants are directed to file their Answers by December 2, 2024 and the parties are directed to complete and file a Case Management Plan and Scheduling Order (blank form attached) by December 23, 2024.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 44.

Dated:  October 11, 2024                                       SO ORDERED:
        White Plains, New York

                                                               _____
                                                               NELSON S. ROMÁN
                                                               United States District Judge

UNITED STATES DISTRICT COURT  Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

                           Plaintiff(s),      **CIVIL CASE DISCOVERY PLAN**

                                              **AND SCHEDULING ORDER**

- against -

                        Defendant(s).      _____ CV _____ (NSR)

-------------------------------------------------------------x

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5.  Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.  First request for production of documents, if any, shall be served no later than _____.

7.  Non-expert depositions shall be completed by _____.

    a.  Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b.  Depositions shall proceed concurrently.

    c.  Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.  Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:   White Plains, New York

_____

_____
Nelson S. Román, U.S. District Judge